UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
DEC 30 AM 11:06
NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| **WYANDOT NATION OF KANSAS**<br>P.O. Box 171755<br>Kansas City, Kansas 66117<br><br>Plaintiff,<br><br>v.<br><br>**GALE NORTON**<br>Secretary of the Interior,<br>U.S. Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>**ROSS O. SWIMMER**<br>Special Trustee<br>Office of Special Trustee<br>for American Indians<br>Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>**JOHN W. SNOW**<br>Secretary of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220<br><br>Defendants. | Case No. _____<br><br>CASE NUMBER 1:05CV02491<br><br>JUDGE: Royce C. Lamberth<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 12/30/2005<br><br>COMPLAINT ▮▮▮▮▮▮ |

## A.   INTRODUCTION

1. This is a civil action brought by an Indian Nation that is federally recognized in a treaty for the limited purpose of enforcing the trust responsibility of the United States to the Nation as provided for in the treaty.

## B.    PARTIES

2. Plaintiff WYANDOT NATION OF KANSAS (A/K/A as the Absentee Wyandots) is the historic Wyandot Nation that was removed by the United States from Ohio to Kansas. It is hereafter referred to as the "Wyandot Nation," or "Nation." It conducts its governmental and business affairs through a General Council that has existed since time immemorial. Its address is Post Office Box 171755, Kansas City, Kansas 66117.

3. Defendant Gale A. Norton is the Secretary of the Interior who is charged by law with carrying out the duties and responsibilities of the United States as trustee for the Wyandot Nation. She is sued in her official capacity.

4. Defendant John W. Snow is the Secretary of the Treasury who is the custodian of the Wyandot Nation's trust funds, and who is responsible for the administration of those funds and for the preparation and maintenance of records in connection with those funds. He is sued in his official capacity.

5. Defendant Ross O. Swimmer is the Special Trustee for American Indians, appointed by the President of the United States with the advice and consent of the Senate, whose duties and responsibilities to the Wyandot Nation are detailed in the Act of October 25, 1994, Pub. L. No. 103-412,108 Stat. 4239. He is sued his official capacity.

## C.    JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331; 28 U.S.C. §1361 and 5 U.S.C. §§ 702, 704 and 706.

7. The case arises under the Constitution, laws and treaties of the United States, including but not limited to, the U.S. Const. Art 6 (Supremacy Clause) and Amend. 5 (Due Process and Taking Clauses); the Treaty of January 31, 1855, United States-Wyandot Nation, 10 Stat. 1159 ("1855 Treaty"); the Act of March 3, 1871, ch. 120, 16 Stat. 566, 25 U.S.C. § 71; the Act of October 25, 1994, Pub. L. No. 103-412,108 Stat. 4239, 25 U.S.C. §§ 4001-61 ("1994

2

Act"); as stated and pled herein under other Congressional Acts governing the Wyandot Nation's legal relationship with the United States and other federal laws dealing with the administration and management of trust property and funds held by the United States for the Wyandot Nation. This case also arises under federal common law.

8. Venue is properly in this district under 28 U.S.C. §§1391(b)(2) and (e) (1) and (e) (2), because this is an action in which the Defendants are officers and employees of the United States acting in an official capacity, and because a substantial percentage of the events or omissions giving rise to the claims herein have occurred within this judicial district.

**D.    STATEMENT OF FACTS**

9. The Wyandot Nation entered into several treaties with the United States, the last of which is the 1855 Treaty. The 1855 Treaty terminated the United States recognition of the Nation as a federally recognized Indian Nation, except "so far as the further and temporary continuance of the same may be necessary in the execution of some of the stipulations herein . . ." This language granted continued limited federal recognition to the Wyandot Nation for the purpose of ensuring that the United States executed the obligations it assumed in the Treaty.

10. The Wyandot Nation is, therefore, a federally recognized Indian tribe within the meaning of 25 U.S.C. 4001 (2), since the United States recognizes it for the limited purpose of enforcing the United States' trust responsibly to it in the 1855 Treaty, and Congress in the 1994 Act has authorized it to file a suit to compel Defendants to make an accounting and reconciliation of its trust funds described herein.

11. A portion of the Wyandot Nation was separated from the other members of the Tribe by the United States and removed from Kansas to Oklahoma in the 1800s. These Wyandots, presently known as the "Wyandotte Tribe of Oklahoma," currently occupy trust lands in Oklahoma and conduct their governmental and business affairs under a Constitution adopted

3

under the 1936 Oklahoma Indian Welfare Act. 25 U.S.C. § 503. The Wyandotte Nation and the Wyandotte Tribe of Oklahoma have an undivided interest in all trust property and trust funds, plus interest, that are derived from the 1855 Treaty.

12. All of the Defendants in this case and their predecessors have, when they took office, assumed the responsibility for the accounting and reconciliation of the trust property and trust funds described herein, and for the investment of both the income plus interest that has been generated over the years in Defendants' trust accounts.

13. Because the United States holds the proceeds generated by the sale of Wyandot Nations trust property, it assumed obligations of a trustee. U.S. v. Mitchell, 463 U.S. 206, 225 (1983); Cobell v. Norton, 240 F.3d 1081 (D.C. Cir 2001). As trustee, the United States has a fiduciary relationship with the Nation and an obligation to administer the trust with the greatest skill and care possessed by the trustee. The United States has charged itself with moral obligations of the highest responsibility and trust in its conduct with Indian tribes and its conduct should therefore be judged by the most exacting fiduciary standards. Cobell 240 F. 3d at 1099 (quoting Seminole Nation v. United States, 316 U.S. 286, 297 (1942)).

14. The trust obligation of the United States includes, among other duties, the duty to ensure that Wyandot Nation's trust property and trust funds are protected, preserved and managed so as to produce maximum return to the tribal owner consistent with the trust character of the property. Said duty requires the United States to further insure that the Nation is afforded its full rights to payment, with interest, as required by the Constitution of the United States and other applicable law.

15. The trust obligations of the United States include, among others, the duty to: (A) collect the trust funds rightfully owed to the Wyandot Nation; (B) create trust accounts to hold those funds (C) insure that the monies owed or paid for the loss or use of tribal lands and trust resources are placed in those accounts, (D) maintain adequate records with respect to the Nation's trust property, (E) maintain adequate systems and controls to guard against errors or dishonesty; (F) provide regular and accurate accountings to the Nation as the trust beneficiary; (G) refrain from self-dealing or benefiting from the management of the trust property; (H) insure the Federal Government's compliance with the protections afforded the Nation under the Constitution of the United States and other applicable law and (I) consult with the Nation regarding the management of its trust property.

16. Congress has charged the Defendants with fulfilling the obligations of the United States as trustee and with the responsibility for the administration and management of all trust property and trust funds of the Wyandot Nation in compliance with the Constitution of the United State and other applicable law.

17. Defendants assumed control and management all of the Wyandot Nation's trust lands and trust assets under the 1855 Treaty. They also have control over all of the books and records of accounts affecting the Wyandot Nation's trust funds and trust property. Defendants have never rendered a full, accurate and timely audit or accounting to the Nation of its trust monies, or provided the Nation with a clear statement as to the origin or use of all of the funds in each of those accounts. In some instances, where the funds were derived or should have been derived from federal payments to the Nation, the Defendants have failed to provide the Nation with a clear statement of why these payments were being made, what if any interest was being paid and how the federal government determined the amounts which were due and payable. Defendants have also failed to establish any effective system for regular or periodic accountings of the Nation's trust property and funds, nor have they provided the Nation with those

5

accountings or reports.  As a consequence, Defendants have kept and continue to keep the

Nation, who is the trust beneficiary, uninformed as to: (A) the trust property and trust funds it

owns or owned, (B) the income that the Nation's currently owned and previously owned trust

property and funds have produced, and (C) what disposition has been made of that income.

18.  As found by the United States Inspector General for the Department of the Interior,

the United States General Accounting Office, and the United States Congress, among others,

there are massive and long-standing problems with the Defendant's administration of Indian

trust funds.  After a series of oversight hearings on Interior's management of Indian trust funds,

Congress issued a report condemning those practices.  See Misplaced Trust, Bureau of Indian

Affairs Mismanagement of the Indian Trust fund. H.R., Report. No. 102-499, 102 Cong. 2d Sess.

(1992), in which the Congress noted that numerous reports prepared by the Interior

Department's Inspector General, the General Accounting Office and the Office of Management

and Budget have documented significant and habitual problems with the management of tribal

trust monies.  Those reports have also documented a persistent failure to adhere to the duties

and obligations the law imposes on a trustee, as well as a consistent pattern of refusing or

ignoring directives to correct these problems and a history of inaction and incompetence in the

management of these assets.  Congress also noted that this has culminated in the Bureau of

Indian Affairs' inability to accurately account for trust fund monies, and its inability to even

provide the tribal beneficiaries with full and accurate statements of their trust account balances.

19.  Congress therefore concluded that the Bureau of Indian Affairs has failed to manage

and invest these funds in the manner required by law.  See Misplaced Trust, Bureau of Indian

Affairs Mismanagement of the Indian Trust fund. H.R., Report. No. 102-499, 102 Cong. 2d Sess.

(1992)

6

20. Upon information and belief, this mismanagement and this lack of a basic ability to manage these funds has resulted in losses to the Wyandot Nation, a trust beneficiary. However, the extent of the losses is unknown to the Nation at this time because the Defendants have:

(A) failed to provide the Nation with a full, and complete accounting of the source of its trust funds,

(B) failed to provide the Nation with an accurate accounting of the amount contained in each of its accounts, and the few reports that it has provided, like the one prepared by Arthur Andersen and Company, are incomplete and inaccurate,

(C) failed to provide the Nation with a comprehensive statement of the use and investment of its trust funds and the interest earned on those dollars,

(D) failed to maintain accurate books and records of the Nation's account,

(E) lost and destroyed relevant trust account records,

(F) failed or refused to disclose known losses, or unmade or incomplete payments to the Nation and other trust beneficiaries,

(G) failed or refused to reimburse trust beneficiaries for losses to their trust funds, and

(H) failed to properly create certain trust accounts and deposit the appropriate monies in those accounts,

See Misplaced Trust. H.R. Rept. No. 102-499 at 37-41.

21. By the Act of December 22, 1987, Pub. L. No. 100-202, 101 Stat. 1329, Congress imposed two requirements on the Defendants: (1) that they audit and reconcile tribal trust funds, and (2) that they provide the tribes with an accounting of such funds. Congress reaffirmed these two mandates in subsequent statutes, including, but not necessarily limited to: the Act of October 30, 1989, Pub. L. No. 101-121, 103 Stat. 701; the Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and the Act of November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990. By these Acts, Congress further required that the Defendants certify, through an independent

7

party, the results of the reconciliation of tribal trust funds as the most complete reconciliation possible of such funds. The Arthur Andersen and Company report clearly does not meet these requirements.

22. To protect the rights of the Wyandot Nation and other tribes until an accounting of the trust funds could be completed, Congress has provided, in each Interior Department Appropriations Act since 1990, a provision stating that "the statute of limitations shall not commence to run on any claim concerning losses to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss." See Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of November 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of October 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of November 11, 1993, Pub. L. No . 103-138, 107 Stat. 1379; Act of September 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of April 26, 1996, Pub. L. No. 104-134, 110 Stat 1341; Act of September 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of October 21, 1998, Pub. L. No. 105-277, 112 Stat. 2681; Act of November 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of October 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of November 5, 2001, Pub. L. No. 107-63.

23. On October 25, 1994, Congress enacted the American Indian Trust Fund Management Reform Act, codified at 25 U.S.C. §§ 4001-61. Under the provisions of this Act, the Congress recognized the pre-existing trust responsibilities of the United States, and charged the Defendants with additional responsibilities to ensure the proper discharge of their individual trust responsibilities, as well as the trust responsibilities of the United States.

24. As evidenced by reports issued by the Interior Department's Inspector General, the General Accounting Office, and the Office of Management and Budget, among others, notwithstanding the foregoing Acts of Congress, Defendants have continued to fail to implement

8

the reforms required by law and have hampered the Special Trustee for American Indians in his efforts to perform his legal obligations.  The Defendants' continued failure to implement the required reforms and to provide timely and meaningful accountings is now the subject of pending litigation in federal court, Cobell v. Norton, No. 96-1285 (D.D.C.). The proceedings in that case, which are focused on trust accounts belonging to Indian individuals, confirm the Government's breach of those obligations.  See Cobell v. Babbitt, 91 F. Supp. 2d, 1 (D.D.C. 1999), aff'd sub nom Cobell v. Norton, 240 F. 3d 1081 (D.C. Cir 2001).

25. To date, the Defendants have failed to provide the Wyandot Nation with a full, accurate and timely accounting of its trust funds and have failed to meet their other statutory and legal obligations to the Nation leaving them in clear breach of their trust responsibility.

## E. CLAIMS FOR RELIEF

### FIRST CLAIMS FOR RELIEF

### DECLARATORY & INJUNCTIVE RELIEF FOR FAILURE TO PROVIDE A PROPER ACCOUNTING AND FOR A DECLARATION THAT THIS FAILURE HAS INTERFERED WITH THE WYANDOT NATION"S ABILITY TO BRING CLAIMS AGAINST THE UNITED STATES

26.  The Wyandot Nation alleges and incorporates by reference the allegations contained in paragraphs 1-25 above.

27.  Defendants owe the Wyandot Nation fiduciary duties and obligations of the highest responsibility and trust to administer the Nation's trust funds with the full care and responsibility of a fiduciary and a trustee.  These obligations should be judged by the most exacting fiduciary standards.  Cobell 240 F. 3d at 1099 (quoting Seminole Nation v. United States, 316 U.S. 286, 297 (1942)).

28.  Defendants have failed to adhere to these responsibilities in that they have failed to provide the Wyandot Nation with a full, accurate and timely accounting of the Nation's trust funds, they have interfered with the Special Trustee in his efforts to comply with his legal

obligations and this failure and this interference both constitute a breach of the Defendants' fiduciary duties to the Nation, and are in violation of applicable law.

29. The Wyandot Nation is entitled to a declaratory judgment stating that the Defendants have not provided the Nation with an accurate, complete and timely accounting of the Nation's trust funds as required by law,

30. The Wyandot Nation is also entitled to a declaratory judgment stating that Defendants' failures to provide this accounting have deprived the Nation of the ability to determine whether it has suffered a loss and if so to what extent.

### SECOND CLAIM FOR RELIEF

### DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL A PROPER ACCOUNTING

31. The Wyandot Nation alleges and incorporates by reference the allegations contained in paragraphs 1-30 above.

32. Defendants' continuing failure to provide the Wyandot Nation with timely, accurate and complete accountings of its trust funds will cause the Nation irreparable injury, as records necessary for a proper accounting of these funds have been, and may continue to be lost or destroyed, depriving the Nation of the information essential to determining whether the Nation's trust funds have been properly administered and whether the Nation has suffered a loss..

33. The Wyandot Nation is entitled to declaratory and injunctive relief requiring the Defendants to provide the Nation with a full, complete and up to date accounting of all of the Nation's trust funds, and preserving any claims which might be identified once that accounting is received.

### THIRD CLAIM FOR RELIEF

### DECLARATORY AND MANDATORY INJUNCTIVE RELIEF COMPELLING PROPER MANAGEMENT OF WYANDOT NATION'S PRESENT AND FUTURE ACCOUNTS

34. The Wyandot Nation alleges and incorporates by reference the allegations contained in paragraphs 1-33 above.

35. The Wyandot Nation is entitled to declaratory and mandatory injunctive relief compelling the Defendants to manage the Nation's current and future trust funds and trust assets in full compliance with all applicable law and with their duties as the Nation's guardian a and trustee.

### FOURTH CLAIM FOR RELIEF

### PRESERVATION OF DAMAGE CLAIMS

36. The Wyandot Nation alleges and incorporates by reference the allegations contained in paragraphs 1-35 above.

37. The Wyandot Nation may have claims to damages that cannot be ascertained until after the Defendants make a reconciliation and accounting of the Nation's trust property and accounts. Some of these claims, should they exist, will have to be filed in the United States Court of Federal Claims.

38. The Wyandot Nation is entitled to a judicial order preserving its claims for damages, so that these claims can be filed after it receives an accurate reconciliation and accounting of its trust funds from Defendants.

### F.  PRAYER FOR RELIEF

WHEREFORE, the Wyandot Nation prays:

1. For a declaration that the Defendants have not provided the Wyandot Nation with a complete, accurate and up to date accounting of the Nation's trust funds as required by law.

2. For a declaration that by so doing, the Defendants have deprived the Wyandot Nation of the ability to identify whether it has suffered a loss, as well as any specific claims that it might have against the Defendants for their mismanagement of those funds.

3. For a mandatory injunction requiring the Defendants to provide a full and complete accounting of the Wyandot Nation's trust funds.

4. For a judicial order preserving any claims that the Wyandot Nation might uncover once it receives that accounting.

5. For an order directing the Defendants to manage all of the Wyandot Nation's current and future trust funds, properties and resources in full compliance with all applicable law and with their duties as the Nation's guardian and trustee.

6. For an award of cost of suit, without limitation, attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412, and other applicable federal statues, and under general principals of law and equity, and for the fees and costs for expert assistance.

7. For such other relief as may be just and equitable.

DATED THIS 30th of December, 2005.


Patricia A. Marks, Esq.
U.S. District Court Bar # 446702
15992 A.E. Mullinix Road
Woodbine, Maryland 21797-8440
Tel: 1-410-489-4553
Fax: 1-301-854-5117
Email: Markspattyesq@aol.com


Mario Gonzalez, Esq.
South Dakota State Bar # 612 (2005)
LAW OFFICES OF MARIO GONZALEZ
522 7th Street, Suite 202
Rapid City, South Dakota 57701-2756
Tel: 1-605-716-6355
Fax: 1-605-716-6357
Email: Gnzlaw@aol.com

12

4. For a judicial order preserving any claims that the Wyandot Nation might uncover once it receives that accounting.

5. For an order directing the Defendants to manage all of the Wyandot Nation's current and future trust funds, properties and resources in full compliance with all applicable law and with their duties as the Nation's guardian and trustee.

6. For an award of cost of suit, without limitation, attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412, and other applicable federal statues, and under general principals of law and equity, and for the fees and costs for expert assistance.

7. For such other relief as may be just and equitable.

DATED THIS 30th of December, 2005.

*Patricia Marks*

Patricia A. Marks, Esq.
U.S. District Court Bar # 446702
15992 A.E. Mullinix Road
Woodbine, Maryland 21797-8440
Tel: 1-410-489-4553
Fax: 1-301-854-5117
Email: Markspattyesq@aol.com

*Mario Gonzalez*

Mario Gonzalez, Esq.
South Dakota State Bar # 612 (2005)
LAW OFFICES OF MARIO GONZALEZ
522 7th Street, Suite 202
Rapid City, South Dakota 57701-2756
Tel: 1-605-716-6355
Fax: 1-605-716-6357
Email: Gnzlaw@aol.com

*Gregory Yates*

Gregory A. Yates, Esq.
California State Bar # 63259 (2005)
16830 Ventura Boulevard, Suite 250
Encino, California 91436
Tel: 1-310-858-6944
Fax: 1-818-905-7038
Email:gyates@gregoryyates.net

*Maurice Johnson*

Maurice Johnson, Esq.
Nebraska State Bar # 19419 (2005)
10844 Old Mill Road, Suite 4
Omaha, Nebraska 68154
Tel: 1-402-934-0198
Fax: 1-402-934-0714
Email: mjohnson@native-law.com


Attorneys for Plaintiff