IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WYANDOT NATION OF KANSAS,   ) | |
|                             ) | |
|                             ) | |
|     Plaintiff,              ) | |
|                             ) | |
|     v.                      ) | Case No. 1:05cv02491 (JR) |
|                             ) | |
| DIRK KEMPTHORNE,            ) | |
| Secretary of the Interior, et al., ) | |
|                             ) | |
|     Defendants.             ) | |
| _____) | |

**DEFENDANTS' REVISED UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
WITHIN WHICH TO FILE MOTION FOR REMAND AND FOR
EXTENSION OF TEMPORARY STAY OF LITIGATION, AND
[PROPOSED] ORDER**

Pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 6 and Local Civil Rule (LCvR) 7, Defendants respectfully respect that the Court grant this unopposed motion for enlargement of time, to and including August 10, 2007, within which to file their motion for remand. Further, they respectfully request that the temporary stay of litigation issued by the Court in its order dated July 2, 2007, be extended at least until August 10, 2007.

This unopposed enlargement motion is Defendants' first such motion. The grounds for the unopposed motion are as follows:

1.  On July 2, 2007, this Court issued an order in this Tribal trust accounting case, as well as 36 other Tribal trust accounting cases that are currently pending before the Court.[1] Docket (Doc.) #36.

2.  In its July 2 order, the Court stayed "all proceedings . . . for 30 days from the date

---

[1] See Defendants' Exhibit (Def. Exh.) 1 at 2-4.

of [the] order" and stated, in relevant parts, that Defendants have "**30 days from the date of [the] order** to file [their] anticipated remand motion" and that, "in any case in which the government does not file such a motion, the government will be **deemed to have waived** its remand argument." Id., at 4-5 (emphasis in the original).

3.    By Defendants' calculation, under the Court's order, Defendants have to and including August 1, 2007, to file their remand motion in this case.

4.    Defendants need additional time, to and including August 10, 2007, in order to file their remand motion. Counsel for Defendants have been and continue to be working diligently on the draft remand motion papers, including conferring about, coordinating, researching, analyzing, preparing, and evaluating them with the relevant personnel of the United States Departments of the Interior and of the Treasury. Given the complexity and significance of the issues involved in the remand motion papers, Defendants' counsel require adequate time to complete their work; submit the draft motion papers to the appropriate officials and staffers at the Departments of Justice, the Interior, and the Treasury, for review; coordinate the reviews; incorporate and otherwise address any resulting comments; finalize the motion papers; and file them with the Court. In addition to working on the remand motion, Defendants' counsel have been and continue to be addressing and otherwise juggling other work and work-related travel demands of the 102 Tribal trust accounting and trust mismanagement cases that are currently pending in this Court, the United States District Courts in Oklahoma, and the United States Court of Federal Claims. This situation applies as well to the attorneys in the Solicitor's Office of the Interior Department and the Chief Counsel's Office of the Financial Management Service of the Treasury Department, who are assigned to work on the 102 Tribal trust cases and who are responsible for coordinating with Defendants' counsel on the remand

motion papers. In addition to the 102 Tribal trust cases, Defendants' counsel are also busy with work in other unrelated litigation.

5. Pursuant to LCvR 7, undersigned Defendants' counsel contacted Plaintiff's counsel, Brian Leinbach, about this motion by telephone on July 27, 2007. Plaintiff's counsel authorized Defendant's counsel to state that Plaintiff does not oppose the granting of the motion.

6. The granting of this unopposed motion will not cause any undue prejudice or harm to the rights and interests of the parties herein. The parties in this case have been and continue to be in an informal settlement discussion process in an effort to resolve Plaintiff's issues and claims herein. Also, pursuant to this Court's July 2 order, all proceedings, including litigation deadlines, in the case have been stayed until August 1, 2007 (or August 10, 2007, if the Court grants this unopposed enlargement motion). Doc. # 36. Further pursuant to the order, in the event that Defendants file their remand motion in the case, all proceedings in the case will be further stayed until the Court has decided the motion. Id. Additionally, the granting of the motion will promote judicial efficiency and serve the public interest by enabling Defendants to submit well-researched, -analyzed, -briefed, and -reviewed remand motion papers to the Court. At the same time, however, the denial of the unopposed motion will cause prejudice and harm to Defendant's position, in that Defendants will not have sufficient time to complete their preparation of the remand motion papers and undertake a full and thorough review of them with the client agencies before filing.

WHEREFORE, Defendants request that their unopposed motion be GRANTED.

Respectfully submitted this 30th day of July, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*/s/ Kevin J. Larsen*

KEVIN J. LARSEN, AZ Bar #019865
ANTHONY P. HOANG, FL Bar # #798193
MARTIN J. LALONDE, IL Bar #6218249
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0258
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

GLADYS COJOCARI
United States Department of the Interior
Office of the Solicitor
Washington, D.C.  20240

RACHEL M. HOWARD
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C.  20227