# ATTACHMENT B

# TO BOSWELL

# DECLARATION

# PART 5

**Enclosure V**

# Regional Meetings

**OFFICE OF TRUST FUNDS MANAGEMENT**
**TRIBAL TRUST FUNDS RECONCILIATION PROJECT**

<u>Tribal Meetings Summary</u>

| | Tribes | Representatives |
|---|---|---|
| **Sacramento Regional Meeting**<br>**March 19-22, 1996** | | |
| **Aberdeen Area:** Turtle Mountain | 1 | 6 |
| **Albuquerque Area:** Acoma Pueblo | 1 | 2 |
| **Phoenix Area:** Colorado River, Fallon-Paiute, Hualapai, Kaibab, Pyramid Lake, Salt River, San Carlos, Summit Lake, Te-Moak, Northern Ute, Walker River, White Mountain | 12 | 24 |
| **Sacramento Area:** Big Pine, Hoopa, Middleton, Morongo, Pala, Resighini, Round Valley, Yurok | 8 | 26 |
| **Total** | 22 | 58 |
| | | |
| **Portland Regional Meeting**<br>**April 9-11, 1996** | | |
| **Anadarko Area:** Fort Sill Apache, Kickapoo, Kiowa | 3 | 7 |
| **Juneau Area:** Tlingit & Haida | 1 | 2 |
| **Minneapolis Area:** Oneida of Wisconsin | 1 | 5 |
| **Portland Area:** Colville, Coeur d'Alene, Grand Ronde, Hoh, Kalispel, Klamath/Modoc, Kootenai, Muckleshoot, Nez Perce, Puyallup, Quinault, Skokomish, Spokane, Umatilla, Warm Springs, Yakama | 16 | 35 |
| **Total** | 21 | 49 |

**Enclosure VI**

RESOLUTION

T-70-96

WHEREAS, the Yakama Indian Nation is a federally recognized Tribe pursuant to the Treaty of June 9th, 1855 (12 Stat. 951), and

WHEREAS, the Yakama Tribal Council is the governing body of the Confederated Tribes and Bands of the Yakama Indian Nation of the Yakama Reservation, Toppenish, Washington, by the authority delegated by Resolution T-36-56, and

WHEREAS, the Yakama Tribal Council is charged with the duty and responsibility to protect and preserve the health, security, general welfare, and resources of the Yakama Indian Nation, and

WHEREAS, the Budget and Finance Committee of the Yakama Tribal Council has participated in numerous meetings with the BIA regarding reorganization, budget development and priority setting, and

NOW, THEREFORE, BE IT RESOLVED, by the Yakama Tribal Council meeting in regular session at the Governmental Offices of the Confederated Tribes and Bands of the Yakama Indian Nation, Toppenish, Washington, with a quorum being present, hereby approve the following policy statements and recommendations of the Budget and Finance Committee and requests that the BIA take immediate measures to meet the local needs and priorities of the Yakama Indian Nation based on the principle of returning decision making to the local level:

1. All delegations and decision making be returned to the agency/tribe level;

2. All funds saved from these downsizing and reorganizing efforts be added directly to the agency/tribe TPA program only;

3. The Office of Special Trustee be eliminated and the funds be restored back to the TPA programs; if this office is to exist, that it be funded with funds other than BIA appropriations;

4. The Office of Self-Governance, Education, Law Enforcement Services, Branch of Forest Resource Planning (BOFRP), and Facility Management be eliminated at the Central Office and their functions be absorbed by the respective Area Offices;

5. The Portland Area Plan be approved and implemented;

6. The Yakama Indian Nation strongly opposes moving the Realty, Forestry, Irrigation and other trust functions to the Office of Trust Management;

7. The Yakama Indian Nation strongly requests that IIM be restored back to the Yakama Agency consistent with decentralizing the BIA and allowing tribes to reorganize BIA programs and services based on local tribal needs and priorities.

8. The Yakama Nation request the BIA to make available Central Office and Area Office Tribal Shares to the Agency/Tribe TPA programs.

BE IT FURTHER RESOLVED, that the Yakama Indian Nation does not waive, alter, or otherwise diminish their "sovereign immunity" whether expressed or implied by virtue of accepting or managing this contract, for any and all administrative or legal action which may arise directly or indirectly from the same. Nor does the Yakama Indian Nation waive, alter, or otherwise diminish the rights, privileges, remedies, or services guaranteed by the Treaty of 1855.

DONE AND DATED on this 13th day of March, 1996, by the Yakama Tribal Council by a vote of 5 for, 2 against, and no Abstentions.

Jerry Meninick, Chairman
Yakama Tribal Council

ATTEST:

Arlen Washines, Secretary
Yakama Tribal Council

Attachment B Part 5 to Boswell Declaration

**Enclosure VII**

*Acknowledgement*
*required by*
*Sec. 304(2) of P.L. 103-412*
(Please Return by April 19, 1996)

Tribe Name   **Confederated Salish & Kootenai Tribes**

Address      **PO Box 278**

             **Pablo MT 59855**

Contact
Person       **Vern L. Clairmont, Exec. Treasurer**    (606 ) 675-2700    Ext 413
                         (Name)                            (Telephone)

The Tribe has reviewed the Agreed-Upon Procedures and Findings Report resulting from the Tribal Trust Fund Accounts Reconciliation Project for the 20-year period of 1972-1992 and the Summary and Detail of Trust Funds Report for the 3-year period of FY 1993, FY 1994 and FY 1995 provided by the Bureau of Indian Affairs by Letter Dated January 15, 1996 and provides the following attestation as required by the American Indian Trust Fund Management Reform Act of 1994, Public Law 103-412 Section 304.

<u>Complete Appropriate boxes</u>     **SEE ATTACHMENT "A"**

☐     The Tribe requires additional time to review the report and has no response for acceptance or dispute.

☐     The Secretary has provided the account holder with as full and complete accounting as possible of the account holder's funds to the earliest possible date, and that the account holder accepts the balance of the following accounts as reconciled by the Secretary:

_____   _____   _____   _____   _____

_____   _____   _____   _____   _____

☐     The account holder disputes the balance of the account holder's account as reconciled by the Secretary as explained below:

Account Number _____   Balance $_____   As of Date _____

Explanation of Disputed balance (Provide explanation as an attachment if following space is insufficient or more than one account balance is disputed) _____

_____

_____

_____

☐     The Tribe requests an individual meeting with the BIA to discuss their tribal-specific questions or concerns regarding the Reconciliation Report at a Regional Meeting as indicated below.

☐ Phoenix, March 19-22     ☐ Portland, April 9-12     ☐ Tulsa, June 4-7

☐ Nashville, June 18-21     ☐ Albuquerque, July 16-19

                                                        0781

Tribal Official _*Rhonda R Swaney*_                    4/18/96
                Signature - Title **RHONDA R. SWANEY,**        Date
                                  **CHAIRWOMAN**

Attachment B Part 4 to Boswell Declaration

## ATTACHMENT "A"

## Acknowledgment of Tribal Trust Funds
## Reconciliation Project

The Confederated Salish and Kootenai tribes, upon review of the report resulting from the Tribal Trust Fund Accounts Reconciliation Project for the 20 year period of 1972 to 1992 and the Summary and Detail of Trust Funds report for the three year period of FY 1993, FY 1994 and FY 1995 provided by the Bureau of Indian Affairs by letter dated January 15, 1996, hereby provides notice to the Bureau of Indian Affairs that we are not in agreement as to the proposed balances of our Trust Fund Accounts held by the Bureau as Trustee. That said reports including proposed balance adjustments do not provide any sense of assurance of accuracy of the account balances and therefore are unacceptable to use as accurate account balances.

The reports fail to provide any such assurance due in part to the following:

1. The Bureau of Indian Affairs' own acknowledgment that their present system was, is and continues to be unable to furnish an accurate and full accounting of trust funds.

2. The inability of the Bureau of verify that account balances as of 1972 can be relied upon as accurate.

3. The inability of the Bureau to verify that funds owed to the Tribes were ever collected, due to the lack of any accounts receivable system.

4. The lack of an adequate archives and records keeping system which has resulted in a massive loss of lease and contract records and the consequent inability to do acceptable audits and reconciliations.

5. The lack of coordination between functions of the overall system beginning with lease or contract initiation to collections, to receipting, to depositing, to investing and to advances to local status that results in the inability to determine the accuracy of any account balance on any given day as there have not been any systems in place to insure that all postings and procedures are complete and accurate.

6. The scope of the reconciliation project did not, and probably never could, furnish any sense of accuracy of the Tribe's account balances, but instead pointed out, one more time, the fact that the Bureau of Indian Affairs has been grossly negligent in it's trust role of Tribal Trust Funds.

Because of these and numerous other reasons, the Confederated Salish and Kootenai Tribes are not in agreement with the proposed balances of our Trust Accounts as provided in the reconciliation reports.

We would therefore request that to resolve this issue a meeting of Tribal officials and appropriate Bureau of Indian Affairs and/or other Federal Government officials begin meetings to attempt a negotiated settlement to bring this most important issue to a close.

We await your response.

Respectfully,

CONFEDERATED SALISH & KOOTENAI TRIBES

Rhonda R. Swaney
Chairwoman

**Enclosure VIII**

# FORT PECK TRIBES
## Assiniboine & Sioux

### Statement of the

### Assiniboine and Sioux Tribes
### of the Fort Peck Reservation

### April 30, 1996

We appreciate this opportunity to comment on Fort Peck's experience with the BIA's trust funds reconciliation project. In our view, the trust funds reconciliation project has been a waste of time and resources. It is time for the reconciliation project to be terminated, and for the government to turn its attention to providing a real accounting of trust assets.

For many years now, the Fort Peck Tribes have expressed the view that every tribe and every individual Indian with a trust account is entitled to a full accounting of their trust assets. As trustee, the United States has a legal obligation to account for our trust funds. Congress reaffirmed this in the American Indian Trust Fund Management Reform Act of 1994, 25 U.S.C. 4001 et seq. The Trust Fund Reform Act requires the Secretary to account for the daily and annual balance of all funds held in trust for tribes or Indians, to provide quarterly performance reports to all account holders, and to provide an annual audit of trust funds. These are essentially the minimal obligations of any trustee with respect to the management of trust money. We support the full implementation of the Trust Fund Reform Act, including its requirement of periodic statements and audits for account holders.

While Congress has now clarified this longstanding obligation to account for trust money, it has not yet provided an effective remedy for past mismanagement of trust funds by the BIA. Congress has -- at the request of the Fort Peck Tribes and others -- provided that the statute of limitations will not run as to claims relating to trust fund management, until a full accounting is provided. This is important to assure that the passage of time does not limit our court remedies against the BIA for mismanagement of our funds. While this is important, it is still not enough to protect our right to an accounting to make sure that we recover for past wrongs. Congressional action in tolling the statute of limitations prevents claims from being lost, but does not assure us that our claims are uncovered by means of an effective accounting.

Over the past few years, the BIA has contracted with Arthur Anderson to undertake the trust funds reconciliation project. As we see it, the reconciliation has served as little more than the BIA's excuse for not providing an accounting to tribes. By promoting the reconciliation as a large, ongoing project, the BIA has tried to deflect Congressional attention from the need to provide a meaningful accounting. Apparently, the BIA takes the view that as long as it is doing something regarding mismanagement of trust funds, that would suffice, and Congress would not require more fundamental action.

At Fort Peck, we have long warned that the reconciliation was not a useful project, as it was not designed to answer the question

that needs answering -- particularly, how much money have the tribes and individual Indians lost as a result of the government's mismanagement of trust funds.  The reconciliation was deigned merely to compare various records of the BIA against various other records of the BIA -- as though the issue was the consistency of the BIA's records, rather than the losses that the tribes may have suffered.   By failing to focus on the proper issues, the reconciliation became an exercise without a valid purpose.

Throughout the reconciliation process, the Fort Peck Tribes expressed our concerns about the reconciliation, and we continued to stress the need for a full accounting.  Our concerns have again been shown to be warranted, by the recent report submitted by Arthur Anderson regarding the reconciliation project.

The Arthur Anderson report is entitled "U.S. Department of the Interior, Bureau of Indian Affairs, Tribal Trust Funds Reconciliation Project, Five Tribes Fill the Gap/Special Procedures, Agreed-Upon Procedures and Findings Report for Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, July 1, 1972 through September 30, 1992."  The only thing clear from the title of the report is that it is not an accounting. Throughout the report, Arthur Anderson stresses the limitations of their work.  For example, the report states that "Phase I of the Reconciliation Project substantiated that not all records would be available for a full accounting of such funds." Report, p. 1.  In

Attachment B Part 5 to Boswell Declaration

other words, necessary records were not available for the reconciliation project. This lack of records severely undercut the project.

Furthermore, the scope of the project was based, not on normal audit or accounting procedures, but merely on "agreed-upon procedures." These procedures reflected not even Arthur Anderson's standards, but only "the bureau's standard of reasonableness." Report, p.1. In other words, Arthur Anderson only did what the Bureau -- which mismanaged the trust funds in the first place -- told them to do, under procedures only the Bureau determined to be reasonable.

Arthur Anderson included in the report a most remarkable disclaimer. They state:

> Because the above procedures do not constitute an audit made in accordance with generally accepted auditing standards, we do not express an opinion on any of the elements referred to above. Had we performed additional procedures or had we made an audit of the financial statements of the Trust Funds managed by the Bureau in accordance with generally accepted auditing standards, other matters might have come to our attention that would have been reported to you. In addition, this work was

more limited than would be necessary to express an opinion on the Bureau's internal control structure taken as a whole and furthermore, would not necessarily disclose all material weaknesses in the structure. Accordingly, we are unable to, and do not, express an opinion on the internal control structure of the Bureau takn as a whole. Further, it is beyond our professional competence to provide advice regarding legal matters. Accordingly, we cannot and do not make any representations regarding any legal issues raised in conjunction with performing our procedures.

Report pp. 5-6. Essentially, Arthur Anderson states that it did not use normal procedures on the reconciliation, that it can not issue any opinion even on the matters it looked at, that there may be problems it did not identify, that it can not comment on the BIA's controls over trust money, and it can not comment on whether there were any breaches of legal duties. Clearly this is not a report that fulfills the government's trust responsibility, or even one that should be relied on for any purpose.

The Bureau has been given more than a fair chance to produce something worthwhile from the reconciliation process. The Arthur

Anderson report, by its own terms, is worthless.  It is time to end this wasteful process and end the reconciliation.

There may be many approaches worth considering with respect to providing tribes with a meaningful remedy regarding the mismanagement of trust funds.  Tribes may have varying suggestions based on their particular circumstances.  In our view, we would support federal funds being made available for tribes to retain their own accountants to examine specific trust funds issues and to provide the accounting that have so long been denied us.

We look forward to working with other tribes, and with the Office of the Special Trustee, to find a remedy that makes us whole for the losses we suffered at the hands of the federal government.

**Enclosure IX**

**Acknowledgement**
**required by**
**Sec. 304(2) of P.L. 103-412**
(Please Return by April 19, 1996)

Tribe Name _____

Address _____

_____

Contact
Person _____    ( )_____ Ext_____
        (Name/Title)                     (Telephone)

The Tribe has reviewed the Agreed-Upon Procedures and Findings Report resulting from the Tribal Trust Fund Accounts Reconciliation Project for the 20-year period of 1972-1992 and the Summary and Detail of Trust Funds Report for the 3-year period of FY 1993, FY 1994 and FY 1995 provided by the Bureau of Indian Affairs by Letter Dated January 15, 1996 and provides the following attestation as required by the American Indian Trust Fund Management Reform Act of 1994, Public Law 103-412 Section 304.

<u>Complete Appropriate boxes</u>

☐    The Tribe requires additional time to review the report and has no response for acceptance or dispute.

☐    The Secretary has provided the account holder with as full and complete accounting as possible of the account holder's funds to the earliest possible date, and that the account holder accepts the balance of the following accounts as reconciled by the Secretary:

_____ _____ _____ _____ _____ _____

_____ _____ _____ _____ _____ _____

☐    The account holder disputes the balance of the account holder's account as reconciled by the Secretary as explained below:

Account Number _____ Balance $_____ As of Date _____

Explanation of Disputed balance (Provide explanation as an attachment if following space is insufficient or more than one account balance is disputed) _____

_____

_____

_____

☐    The Tribe requests an individual meeting with the BIA to discuss their tribal-specific questions or concerns regarding the Reconciliation Report at a Regional Meeting as indicated below.

☐ Sacramento, March 19-22    ☐ Portland, April 9-12    ☐ Tulsa, June 4-7

☐ Billings, June 18-21    ☐ Albuquerque, July 16-19

Tribal Official_____    _____
               Signature - Title                   Date

Attachment B Part 5 to Boswell Declaration

**Enclosure X**

# OFFICE OF TRUST FUNDS MANAGEMENT
## PAST RECONCILIATION PROJECT

### TRIBAL ATTESTATION ACKNOWLEDGEMENTS - AS OF MAY 3, 1996

| TRIBE/ADDRESS | DATE OF ACKNOWL | ATTESTATIONS | | | |
|---|---|---|---|---|---|
| | | Requested Additional Time | Accepted Account Balance | Disputed Account Balance | Requested Individual Meeting |
| **ABERDEEN AREA** | | | | | |
| Devils Lake Sioux Tribe Fort Totten, North Dakota | 4-22-96 | X | | | X |
| Oglala Sioux Tribe Pine Ridge, South Dakota | 4-19-96 | X | | | |
| Ponca Tribe of Nebraska Niobrara, Nebraska | 4-18-96 | X | | | |
| Standing Rock Sioux Tribe Fort Yates, North Dakota | 2-1-96 | X | | | X |
| Three Affiliated Tribes of the Fort Berthold Reservation New Town, North Dakota | 2-1-96 | X | | | |
| Turtle Mountain Band of Chippewa Indians Belcourt, North Dakota | 4-16-96 | | | (*) | |
| Winnebago Tribe of Nebraska Winnebago, Nebraska | 4-19-96 | X | | | |
| **ALBUQUERQUE AREA** | | | | | |
| Pueblo of Acoma Acoma, New Mexico | 4-17-96 | X | | | |
| Pueblo of Jemez Jemez Pueblo, New Mexico | 4-24-96 | X | | | |
| Pueblo of Laguna Laguna, New Mexico | 4-22-96 | X | | | X |
| Pueblo of Santa Ana Bernalillo, New Mexico | 4-18-96 | | X | | |
| Taos Pueblo Taos, New Mexico | 4-10-96 | X | | | |

1

| TRIBE/ADDRESS | DATE OF ACKNOWL. | ATTESTATIONS | | | |
|---|---|---|---|---|---|
| | | Requested Additional Time | Accepted Account Balance | Disputed Account Balance | Requested Individual Meeting |
| Pueblo of Zia<br>Zia Pueblo, New Mexico | 4-18-96 | X | | | |
| Pueblo of Zuni<br>Zuni, Mexico | 4-19-96 | X | | | X |
| | | | | | |
| **ANADARKO AREA** | | | | | |
| Caddo Tribe of Oklahoma<br>Binger, Oklahoma | 4-18-96 | X | | | X |
| Cheyenne-Arapaho Tribes of Oklahoma<br>Concho, Oklahoma | 4-18-96 | X | | | X |
| Delaware Tribe of Western Oklahoma<br>Anadarko, Oklahoma | 4-22-96 | X | | | X |
| Kickapoo Tribe of Kansas<br>Horton, Kansas | 4-19-96 | X | | | |
| Kickapoo Tribe of Oklahoma<br>McLoud, Oklahoma | 3-19-96 | X | | | X |
| Kiowa Tribe of Oklahoma<br>Carnegie, Oklahoma | 4-13-96 | X | | | |
| Pawnee Tribe of Oklahoma<br>Pawnee, Oklahoma | 4-18-96 | X | | | X |
| Ponca Tribe of Oklahoma<br>Ponca City, Oklahoma | 1-19-96 | X | | | X |
| Prairie Band of Potawatomi Indians of Kansas<br>Mayetta, Kansas | 2-16-96 | | | | X *** |
| Wichita and Affiliated Tribes<br>Anadarko, Oklahoma | 4-22-96 | X | | | |
| | | | | | |
| **BILLINGS AREA** | | | | | |
| Arapahoe Tribe - Wind River Reservation<br>Fort Washakie, Wyoming | 4-18-96 | X | | | X |

2

Attachment B Part 5 to Boswell Declaration

0795

| TRIBE/ADDRESS | DATE OF ACKNOWL. | ATTESTATIONS | | | |
|---|---|---|---|---|---|
| | | Requested Additional Time | Accepted Account Balance | Disputed Account Balance | Requested Individual Meeting |
| Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation Poplar, Montana | 2-7-96 4-19-96 | X | | X | |
| Blackfeet Tribe Browning, Montana | 4-19-96 | X | | X | |
| Chippewa Cree of the Rocky Boy Reservation Box Elder, Montana | 4-16-96 | | | (*) | |
| Crow Tribe Crow Agency, Montana | 4-19-96 | X | | | X |
| Fort Belknap Community Council Harlem, Montana | 4-18-96 | X | | | |
| Shoshone Tribe - Wind River Reservation Fort Washakie, Wyoming | 4-18-96 | X | | | X |
| | | | | | |
| **EASTERN AREA** | | | | | |
| Coushatta Tribe Elton Louisiana | 4-18-96 | X | | | |
| Eastern Band of Cherokee Indians Cherokee, North Carolina | 4-23-96 | X | | | |
| Mississippi Band of Choctaws Philadelphia, Mississippi | 4-29-96 | X | | | |
| Passamaquoddy Tribe (Pleasant Point) Perry, Maine | 4-19-96 | X | | | |
| Penobscot Indian Nation Old Town, Maine | 4-19-96 | X | | | |
| Seneca Nation of Indians Salamanca, New York | 4-13-96 | X | | | |
| Saint Regis Mohawk Tribe Hogansburg, New York | 4-23-96 | X | | | |
| Wampanoag Tribe of Gay Head Gay Head, Massachusetts | 4-19-96 | X | | | |

3

Attachment B Part 5 to Boswell Declaration               0796

| TRIBE/ADDRESS | DATE OF ACKNOWL. | ATTESTATIONS | | | |
|---|---|---|---|---|---|
| | | Requested Additional Time | Accepted Account Balance | Disputed Account Balance | Requested Individual Meeting |
| **JUNEAU AREA** | | | | | |
| Central Council Tlingkit & Haida Indians Juneau, Alaska | 4-9-96 | X | | | X |
| | | | | | |
| **MINNEAPOLIS AREA** | | | | | |
| Bad River Band of Lake Superior Chippewa Indians Odanah, Wisconsin | 4-19-96 | X | | | X |
| Bois Forte Band of Chippewa Nett Lake, Minnesota | 4-8-96 | | | | X ••• |
| Keweenaw Bay Indian Community Baraga, Michigan | 2-8-96 | X | | | |
| Lower Sioux Indian Community Morton, Minnesota | 4-19-96 | X | | | |
| Red Lake Band of Chippewa Red Lake, Minnesota | 4-8-96 | | | | X ••• |
| | | | | | |
| **MUSKOGEE AREA** | | | | | |
| Cherokee Nation of Oklahoma Tahlequah, Oklahoma | 2-8-96 | X | | | X |
| Chickasaw Nation of Oklahoma Ada, Oklahoma | 4-17-96 | X | | | X |
| Creek Nation of Oklahoma Olmulgee, Oklahoma | 4-19-96 | X | | | X |
| Delaware Tribe of Eastern Oklahoma Bartlesville, Oklahoma | 2-6-96 | X | | | X |
| Peoria Tribe of Oklahoma Miami, Oklahoma | 4-22-96 | X | | | X |
| Osage Nation Pawhuska, Oklahoma | 4-17-96 | X | | | X |

4

| TRIBE/ADDRESS | DATE OF ACKNOWL | ATTESTATIONS | | | |
|---|---|---|---|---|---|
| | | Requested Additional Time | Accepted Account Balance | Disputed Account Balance | Requested Individual Meeting |
| Seminole Nation of Oklahoma<br>Wewoka, Oklahoma | 1-26-96 | X | | | X |
| Seneca-Cayuga Tribe<br>Miami, Oklahoma | 4-30-96 | X | | | X |
| Wyandotte Tribe of Oklahoma<br>Wyandotte, Oklahoma | 2-7-96 | | X | | |
| | | | | | |
| **NAVAJO AREA** | | | | | |
| | | | | | |
| **PHOENIX AREA** | | | | | |
| Chemehuevi Indian Tribe<br>Havasu Lake, California | 2-9-96 | X | | | X |
| Hualapai Tribe<br>Peach Springs, Arizona | 2-8-96 | - X | | | |
| Kaibab Band of Paiute Indians<br>Fredonia, Arizona | 1-30-96 | X | | | X |
| Paiute Indian Tribe of Utah<br>Cedar City, Utah | 4-18-96 | X | | | X |
| | | | | | |
| **PORTLAND AREA** | | | | | |
| Coeur d'Alene Tribe<br>Plummer, Idaho | 4-11-96 | X | | | |
| Confederated Salish & Kootenai Tribes<br>of the Flathead Reservation<br>Pablo, Montana | 4-18-96 | | | X | |
| Kalispel Tribe<br>Usk, Washington | 4-25-96 | X | | | |
| Klamath & Modoc Tribes<br>Chiloquin, Oregon | 2-12-96 | X | | | X |

Attachment B Part 5 to Boswell Declaration                    0798

| TRIBE/ADDRESS | DATE OF ACKNOWL. | ATTESTATIONS | | | |
|---|---|---|---|---|---|
| | | Requested Additional Time | Accepted Account Balance | Disputed Account Balance | Requested Individual Meeting |
| Kootenai Tribe of Idaho<br>Bonners Ferry, Idaho | 3-25-96 | X | | | X |
| Muckleshoot Indian Tribe<br>Auburn, Washington | 2-14-96 | X | | | |
| Northwestern Band of Shoshoni<br>Blackfoot, Idaho | 4-19-96 | X | | | X |
| Quinault Tribe<br>Taholah, Washington | 3-1-96 | X | | | X |
| Skokomish Indian Tribe<br>Shelton, Washington | 4-9-96 | X | | | |
| Shoshone Bannock<br>Fort Hall, Idaho | 4-22-96 | X | | | |
| Spokane Tribe of Indians<br>Wellpinit, Washington | 4-23-96 | X | | | |
| | | | | | |
| **SACRAMENTO AREA** | | | | | |
| Bishop Paiute Tribe (Owens Valley Indians of Bishop Community)<br>Bishop, California | 4-18-96 | X | | | |
| Fort Bidwell Indian Community of Paiute Indians<br>Fort Bidwell, California | 4-20-96 | X | | | |
| Hoopa Valley Tribe<br>Hoopa, California | 4-19-96 | X | | | |
| Pit River Tribe<br>Burney, California | 4-19-96 | X | | | |
| Resighini Rancheria Indians<br>Klamath, California | 1-26-96 | X | | | |
| Round Valley Indian Tribes<br>Covelo, California | 3-28-96 | X | | | |
| Soboba Band of Mission Indians<br>San Jacinto, California | 4-24-96 | X | | | |

6

| TRIBE/ADDRESS | DATE OF ACKNOWL | ATTESTATIONS | | | |
|---|---|---|---|---|---|
| | | Requested Additional Time | Accepted Account Balance | Disputed Account Balance | Requested Individual Meeting |
| Yurok Tribe<br>Eureka, California | 4-24-96 | X | | | |
| * No direct communication from the tribes involved.  The letter dated 4-16-96 was signed by an attorney on their behalf of Turtle Mountain Band of Chippewa and the Chippewa Cree of the Rocky Boy Reservation (also included the Little Shell Tribe of Chippewa Indians).  For the purpose of this interim report these tribes were not counted in this report. | | | | | |
| Total Respondents -   77 | | 69 | 2 | 3 | 33 |
| | | | | | |

**     Includes response from 30account holders who also requested additional time.

***     Requested only meeting (3)

Attachment B Part 5 to Boswell Declaration

0800

**Enclosure XI**

# Account Holders Accepting Balances

Acknowledgement
required by
Sec. 304(3) of P.L. 103-412
(Please Return by April 19, 1996)
Office of Trust Funds Management
505 Marquette N.W., Suite 1000, Albuquerque, NM 87102

Tribe Name _Pueblo of Santa Ana_

Address _02 Dove CD_

_Bernalillo, New Mexico 87007_

Contact
Person _Leisa Isonrers (Gov. Off.)_          _(Fax) 867-2310/Ext. 16_
        (Name/Title)                              (Telephone)

The Tribe has reviewed the Agreed-Upon Procedures and Findings Report resulting from
the Tribal Trust Fund Accounts Reconciliation Project for the 20-year period of 1972-
1992 and the Summary and Detail of Trust Funds Report for the 3-year period of FY
1993, FY 1994 and FY 1995 provided by the Bureau of Indian Affairs by Letter Dated
January 16, 1996 and provides the following attestation as required by the American
Indian Trust Fund Management Reform Act of 1994, Public Law 103-412 Section 304.

Complete Appropriate boxes

___    The Tribe requires additional time to review the report and has no response for
       acceptance or dispute.

[✓]    The Secretary has provided the account holder with as full and complete
       accounting as possible of the account holder's funds to the earliest possible
       date, and that the account holder accepts the balance of the following accounts
       as reconciled by the Secretary;

       _____

       _____

       _____

[ ]    The account holder disputes the balance of the account holder's account as
       reconciled by the Secretary as explained below;

       Account Number _____    Balance $_____    As of Date _____

       Explanation of Disputed balance (Provide explanation as an attachment if following space
       is insufficient or more than one account balance is disputed) _____

       _____

       _____

       _____

[ ]    The Tribe requests an individual meeting with the BIA to discuss their tribal-
       specific questions or concerns regarding the  Reconciliation Report at a
       Regional Meeting as indicated below.

       [ ]Sacramento, March 19-22   [ ]Portland, April 9-12   [ ]Tulsa, June 4-7

       [ ]Billings, June 18-21      [ ]Albuquerque, July 16-19

Tribal Official _____
                        Signature / Title

0803

TOTAL P.02

Attachment B Part 5 to Boswell Declaration

RECEIVED

FEB 08 1996

**Acknowledgement**
**required by**
**Sec. 304(2) of P.L. 103-412**
**(Please Return by April 19, 1996)**

FOIA/OTFM
DIV. OF REPORTING/RECONCILIATION

Tribe Name  **Wyandotte Tribe of Oklahoma**

Address  **PO Box 250**
**Wyandotte, OK 74370**

Contact
Person  **Donna Mercer**   (918) 678-2297 Ext.
            (Name)                    (Telephone)

The Tribe has reviewed the Agreed-Upon Procedures and Findings Report resulting from the Tribal Trust Fund Accounts Reconciliation Project for the 20-year period of 1972-1992 and the Summary and Detail of Trust Funds Report for the 3-year period of FY 1993, FY 1994 and FY 1995 provided by the Bureau of Indian Affairs by Letter Dated January 15, 1996 and provides the following attestation as required by the American Indian Trust Fund Management Reform Act of 1994, Public Law 103-412 Section 304.

**Complete Appropriate boxes**

☐  The Tribe requires additional time to review the report and has no response for acceptance or dispute.

☑  The Secretary has provided the account holder with as full and complete accounting as possible of the account holder's funds to the earliest possible date, and that the account holder accepts the balance of the following accounts as reconciled by the Secretary:

_All_  _____  _____  _____  _____

_____  _____  _____  _____  _____

☐  The account holder disputes the balance of the account holder's account as reconciled by the Secretary as explained below:

Account Number _____   Balance $ _____   As of Date _____

Explanation of Disputed balance (Provide explanation as an attachment if following space is insufficient or more than one account balance is disputed) _____
_____
_____
_____

☐  The Tribe requests an individual meeting with the BIA to discuss their tribal-specific questions or concerns regarding the Reconciliation Report at a Regional Meeting as indicated below.

☐ Phoenix, March 19-22   ☐ Portland, April 9-12   ☐ Tulsa, June 4-7

☐ ~~Nashville~~ _Billings_, June 18-21   ☐ Albuquerque, July 16-19           0804

Tribal Official  _Donna Mercer, acctg Dir_           _2-7-96_
                    Signature - Title                         Date

Attachment B Part 4 to Boswell Declaration

**Enclosure XII**

0805

Attachment B Part 4 to Boswell Declaration

*Acknowledgement*
*required by*
*Sec. 304(2) of P.L. 103-412*
(Please Return by April 19, 1996)

**Tribe Name**    **Blackfeet Indian Tribe**

**Address**    **P.O. Box 850**

**Browning, MT  59417**

**Contact**    **Elouise C. Cobell**
**Person**              (Name)                      (406) 338-2992  Ext
                                                                      (Telephone)

The Tribe has reviewed the Agreed-Upon Procedures and Findings Report resulting from the Tribal Trust Fund Accounts Reconciliation Project for the 20-year period of 1972-1992 and the Summary and Detail of Trust Funds Report for the 3-year period of FY 1993, FY 1994 and FY 1995 provided by the Bureau of Indian Affairs by Letter Dated January 15, 1996 and provides the following attestation as required by the American Indian Trust Fund Management Reform Act of 1994, Public Law 103-412 Section 304.

<u>Complete Appropriate boxes</u>

[X]    The Tribe requires additional time to review the report and has no response for acceptance or dispute.

[ ]    The Secretary has provided the account holder with as full and complete accounting as possible of the account holder's funds to the earliest possible date, and that the account holder accepts the balance of the following accounts as reconciled by the Secretary:

_____    _____    _____    _____    _____

_____    _____    _____    _____    _____

[ ]    The account holder disputes the balance of the account holder's account as reconciled by the Secretary as explained below:

Account Number _____ Balance $_____    As of Date _____

Explanation of Disputed balance (Provide explanation as an attachment if following space is insufficient or more than one account balance is disputed) _____
_____
_____
_____
_____

[ ]    The Tribe requests an individual meeting with the BIA to discuss their tribal-specific questions or concerns regarding the Reconciliation Report at a Regional Meeting as indicated below.

[ ] Phoenix, March 19-22    [ ] Portland, April 9-12    [ ] Tulsa, June 4-7

[ ] Nashville, June 18-21    [ ] Albuquerque, July 16-19          0806

Tribal Official _____Earl OldPerson_____          4-18-96
            Signature - Title  Chairman                        Date

# BLACKFEET NATION
## P.O. BOX 850
### BROWNING, MONTANA 59417
(406) 338-7179
FAX 338-7530

EXECUTIVE COMMITTEE

EARL OLD PERSON, CHAIRMAN
TOM THOMPSON, VICE CHAIRMAN
GABE GRANT , SECRETARY
ELAINE GUARDIPEE, TREASURER

BLACKFEET TRIBAL BUSINESS COUNCIL

EARL OLD PERSON
TOM THOMPSON
GABE GRANT
MARLENE BEAR WALTER
CHARLES CONNELLY
GENE DUBRAY
GEORGE KICKING WOMAN
ROGER RUNNING CRANE
TED WILLIAMSON

Via Fax:  (505) 248-5741

April 19, 1996

Mr. Joe Christie
Project Manager
Office of Trust Funds Management
505 Marquette NW, Suite 1000
Albuquerque, NM  87102

Dear Mr. Christie:

The Blackfeet Tribe requests additional time to review the account statements and Arthur Andersen report.  Furthermore, we do not agree with the account balances because of the failure to perform or present critical data required to determine acceptance.

The Blackfeet Tribe submits the following concerns for your consideration:

1) As you stated several times at the National meeting in Albuquerque, New Mexico this report and work is not an audit.  You and your contractors have performed a reconstruction of the books and records.  During this process 14% of the records for "non-investment" transactions could not be located.  Investment transactions were primarily excluded from this process.

2) No efforts or work was performed on transactions or balances prior to 1972.

3) Certain procedures could not be performed from 1972 through 1977, because revenue source codes were not maintained in the general ledger system.  One item excluded from the report for this time period is the treasury interest recalculation.

4) The reports are prepared on a cash basis and do not include what should have been earned or collected.  The Bureau does not have an accounts receivable system to determine the appropriate balances.

5) The reports include interest at a stationary interest rate of 4% or 5% rather than what may have been earned. The report does not indicate why investments earned less than the average rate other than "all investments were at rates lower than the average." No interest was paid on interest accounts from 1972 through 1984.

6) The report does not include Tribal IIM accounts or Special Deposit accounts. These accounts are often used as clearing accounts to sort the collections by owner and should be included in the Tribal report.

7) No work was done to determine if the MMS or BLM were collecting or managing the trust resources to obtain maximum revenue and conserve the trust asset. Can you or your contractors state that our Tribe received all of the minerals revenue due us?

Were the Timber assets managed appropriately? Were any funds from the 10% Bureau administration fee returned to the Bureau?

8) Treasury (bank) was not reconciled to the general ledger except for 1992. The Treasury cannot report the Bureau's cash balance. Therefore, the reconciliation must be performed on an annual basis using transactions posted by the Treasury compared to postings by the Bureau.

In summary, these are our primary concerns. After we have reviewed the reports in greater detail, we will forward additional questions. If you have any questions, please contact Elouise C. Cobell at (406) 338-2992.

Sincerely,

Earl Old Person
Blackfeet Tribal Business Council

0808